

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. J. Wilde
County Auditor
Nueces County
Corpus Christi, Texas

Dear Sir:

Opinion No. 0-3899
Re: Is Nueces County legally au-
thorized to pay any long dis
tance telephone calls contracted
by the district judge through
a telephone the service for
which is paid by the county?

Your letter of August 23, 1941, requesting an opin-
ion of this department upon the above stated question has
been received.

We quote from your letter as follows:

"We quote Article 6820, Judicial District
Expenses:

"'All District Judges and district at-
torneys when engaged in the discharge
of their official duties in any county
in this State other than the county of
their residence shall be allowed their
actual and necessary expenses while
actually engaged in the discharge of
such duties not to exceed four dollars
per day for hotel bills, and not to ex-
ceed twenty cents a mile when traveling
by private conveyance, in going to and
returning from the place where such
duties are discharged, traveling by the
nearest practical route. Such officers
shall also receive the actual and nec-

Honorable C. J. Wilde, Page 2

essary postage, telegraph and telephone
expenses incurred by them in the actual
discharge of their duties. Such ex-
penses shall be paid by the State upon
the sworn and itemized account of each
district judge or attorney entitled
thereto, showing such expenses. In
district containing more than one county,
such expenses shall never in any one
year $100.00 for each county in the
district; provided that no district
judge or attorney shall receive more
than $600.00 in any one year under the
provisions of this article. The account
or said services shall be recorded in
the official minutes of the district
court of the county in which such judge
or attorney resides, respectively.'

"You will notice in the above articles that
no reference is made direct to district judges
acting in their official capacity in only one
County. It does state in district containing
more than one County such expenses shall never
exceed in any one year $100.00 for each county
in the district.

"We would like to have your opinion on
the above Article with reference as to whe-
ther the County is justified in paying any
long distance calls contracted by the District
Judge through a telephone, the service for
which is paid by the County.

"You will notice in the Article it does
state:

"'Such officer shall also receive the
actual and necessary postage, telegraph
and telephone expenses in the actual dis-
charge of their duties.',

"however, as I understand the article, such
expenses shall be reduced to writing and sworn
statement forwarded to the State, which shall

Honorable C. J. Wilde, Page 3

refund the amount to the District Judge
or I presume to whoever makes payment of
the account."

Section 2 of Article 3899b, Vernon's Annotated
Civil Statutes, provides:

"Sec. 2.  Suitable offices and sta-
tionery and blanks necessary in the per-
formance of their duties may in the dis-
cretion of the Commissioners Court also be
furnished to resident District Judges,
resident District and County Attorneys,
County Superintendents and County Survey-
ors, and may be paid for on order of the
Commissioners Court out of the County
Treasury."

The Commissioners' Court is authorized by the above
quoted provision of Article 3899b to furnish to resident
district judges suitable offices and stationery and blanks
necessary in the performance of their duties.  However, it
is to be noted that this provision of the statute is not
mandatory, but the matter is left wholly within the discretion
of the Commissioners' Court.  If the Commissioners' Court
determines, within its discretion, that it will furnish suit-
able offices, etc., to resident district judges of the county,
we think that the Commissioners' Court is authorized to in-
stall or have installed in such office or offices a telephone
or telephones and pay the monthly rental thereon.  However,
we do not think that this statute is broad enough to author-
ize the Commissioners' Court to pay for long distance tele-
phone calls contracted by the resident district judge or
judges over these telephones or any other telephones.

It will be noted that all expenses authorized by
Article 6820, supra, for district judges and district attor-
neys when engaged in the discharge of their official duties
shall be paid by the State upon the sworn and itemized account
of each district judge or attorney entitled thereto.  This
statute in no wise authorizes the Commissioners' Court to pay
any of the expenses allowed therein out of the county funds.

We fail to find any statute authorizing the Com-
missioners' Court to pay the long distance telephone calls

Honorable C. J. Wilde, Page 4

of a district judge, in any event, and in the absence of such statute we respectfully answer the above stated question in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

APPROVED SEP 13, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Ardell Williams
Assistant

AW:CO

